UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:20-cv-24957-KMM

**JESSICA TACORONTE**,

    Plaintiff,

v.

**LAW OFFICE OF JOSE R. PUJOLS, P.A.,**

    Defendant.

_____/

## FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Jessica Tacoronte ("Plaintiff") sues Defendant Law Office of Jose R. Pujols, P.A. ("Defendant") for violating § 1692e(2)(A) of the Fair Debt Collection Practices Act ("FDCPA").

## JURISDICTION AND VENUE

1. Jurisdiction of this Court arises under 15 U.S.C. §1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1337.

2. Venue in this District is proper because Plaintiff resides here, Defendant transacts business here, and the complained conduct of Defendant occurred here.

## PARTIES

3. Plaintiff is a natural person residing in Miami-Dade County, Florida.

4. Defendant is a Florida professional association, with its principal place of business located in Coral Gables, Florida.

5. At all times material, Defendant was acting as a debt collector in respect to the collection of Plaintiff's debts.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

## DEMAND FOR JURY TRIAL

6. Plaintiff, respectfully, demands a trial by jury on all counts and issues so triable.

## FACTUAL ALLEGATIONS

7. This action involves the purported debt Defendant sought to collect from Plaintiff, namely, that which arose from a transaction involving the rental of real property for the personal benefit of Plaintiff, Plaintiff's family, as well as members of Plaintiff's household (the "Consumer Debt").

8. Plaintiff is the alleged debtor of the Consumer Debt.

9. Defendant is a business entity engaged in the business of soliciting consumer debts for collection.

10. Defendant is a business entity engaged in the business of collecting consumer debts.

11. Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

12. On a date better known to Defendant, Defendant sent a collection letter, internally dated September 18, 2020, to Plaintiff (the "Collection Letter") in an attempt to collect the Consumer Debt. A copy of the Collection Letter is attached as Exhibit "A."

13. The Collection Letter is a communication from Defendant to Plaintiff in connection with the collection of a debt.

14. The Collection Letter represents an action to collect a debt by Defendant.

15. Defendant *knew* it was required to disclose to Plaintiff that it (Defendant) was, at minimum, a debt collector to lawfully *attempt* to collect the Consumer Debt from Plaintiff.

PAGE | **2** of **8**

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

16. Defendant was required to disclose in the Collection Letter that it (Defendant) is a debt collector, that the Collection Letter was an attempt to collect a debt, and that any information obtained by Defendant would be used for debt collector purposes.

17. Defendant did not disclose in the Collection Letter that it (Defendant) was a debt collector, that the Collection Letter was an attempt to collect a debt, and that any information obtained by Defendant would be used for that purpose.

18. Upon Plaintiff's receipt of the Collection Letter, Plaintiff reviewed and otherwise read the Collection Letter.

19. The Collection Letter caused Plaintiff to falsely believe that Defendant was not a debt collector.

20. Upon this realization, Plaintiff became visibly upset and emotionally distraught.

21. In addition to causing Plaintiff actual harm, the Collection Letter wasted Plaintiff's time. Plaintiff would not have wasted time reading the Collection Letter, Plaintiff would not have wasted time trying to understand why Plaintiff was the target of wrongful and otherwise unlawful collection activity, and Plaintiff would not have wasted time deliberating what to do about the Collection Letter. At minimum, all such wasted time would have been completely avoided had Defendant complied with the disclosure requirements of § 1692e(11) of the FDCPA, of which Defendant is governed.

22. Notwithstanding the time which the Collection Letter caused Plaintiff to waste, Defendant, by and through the Collection Letter, inflicted frustration, pain, confusion, and distrust, as well as emotional turmoil, onto Plaintiff. All of the aforementioned injuries suffered by Plaintiff constitute a concrete harm.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

## ARTICLE III STANDING

23. "Under settled precedent, the 'irreducible constitutional minimum' of standing consists of three elements: the plaintiff must have suffered an injury in fact, the defendant must have caused that injury, and a favorable decision must be likely to redress it. The party invoking the jurisdiction of a federal court bears the burden of establishing these elements to the extent required at each stage of the litigation." Trichell v. Midland Credit Mgmt., 964 F.3d 990, *7 (11th Cir. 2020) (*citing* and *quoting* Lujan v. Defs. of Wildlife, 504 U.S. 555, 560-61 (1992)). Simplified, Article III standing has three leading components: (1) *injury in fact*; (2) *causation*; and (3) *redressability.*

24. "The 'foremost' standing requirement is **injury in fact**." Trichell at *8 (emphasis added) (*quoting* Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 103 (1998)).

25. "An injury in fact consists of '**an invasion of a legally protected interest**' that is both '**concrete and particularized**' and '**actual or imminent**, not conjectural or hypothetical.'" Trichell at *8 (emphasis added) (*quoting* Lujan, 504 U.S. 555 at 560). Simplified, *injury in fact* has four components: an (1) actual or imminent, and not conjectural or hypothetical, (2) invasion of a legally protected interest (3) that is concreate and (4) particularized. *See* Spokeo, 136 S. Ct. 1540 at 1548 ("To establish injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" (*quoting* Lujan, 504 U. S. 555 at 560)); *see also* Cooper v. Atl. Credit & Fin., No. 19-12177, 2020 U.S. App. LEXIS 23719, at *8 (11th Cir. July 28, 2020) ("To establish standing, a plaintiff must instead '**show that the violation harmed … the underlying concrete interest that Congress sought to protect**.'" (emphasis added) (*quoting* Casillas v. Madison Ave. Assocs., 926 F.3d 329, 333 (7th Cir. 2019)).

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

26. "To be **particularized**, the injury 'must affect the plaintiff in a personal and individual way.' [*quoting* Lujan, 504 U. S. 555 at 560 n.1]. In other words, 'the injury in fact test requires more than an injury to a cognizable interest. It requires that the party seeking review be himself among the injured.' [*quoting* Sierra Club v. Morton, 405 U.S. 727, 734-35 (1972)]. The same principle holds true when the plaintiff invokes a statutory cause of action: 'where a statute confers new legal rights on a person, that person will have Article III standing to sue where the facts establish a **concrete**, **particularized**, and **personal injury** to that person as a result of the violation of the newly created legal rights.'" Trichell at *17 (emphasis added) (*quoting* Palm Beach Golf Center-Boca, Inc. v. John G. Sarris, D.D.S., P.A., 781 F.3d 1245, 1251 (11th Cir. 2015)).

27. "A '**concrete**' injury must be '*de facto*' – that is, it must be '**real**, and not abstract.'" Trichell at *8 (emphasis added) (*quoting* Spokeo, Inc. v. Robins, 136 S. Ct. 1540, 1548 (2016)). "As a general matter, **tangible injuries qualify as concrete**." Trichell at *8 (*quoting* Spokeo, 136 S. Ct. 1540 at 1549). Allegations of either having "**made any payments** in response to" a challenged collection letter "or even … **wasted time** *or* **money** in determining whether to do so" are tangible and otherwise concrete injuries. Trichell at *8 (emphasis added).

## SCOPE OF TRICHELL

28. In Trichell, the Eleventh Circuit pointedly grappled the *injury in fact* component of Article III standing – and in particular – whether the *intangible* injuries alleged by the plaintiffs were capable of satiating the overarching *injury in fact* requirement. The Trichell court observed the injuries alleged by the plaintiffs as *intangible* because, although claiming to have **received** *misleading* and *unfair* collection letters that violated their rights under 15 U.S.C. § 1692e (generally prohibiting *misleading* communications in connection with the collection of a consumer debt) and § 1692f (generally prohibiting *unfair* communications in connection with the collection

PAGE | **5** of **8**

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

of a consumer debt), **neither plaintiff alleged to have been misled or otherwise unfairly mislead by their respective collection letter**.

29. Without allegations indicating that the plaintiffs themselves were misled, and because the *specific* section of the FDCPA advanced by the plaintiffs only prohibited *misleading* communications, any ability to satiate Article III standing by the plaintiffs quickly crumbled. Put differently, because the plaintiffs' claim was that the underlying collection letters were misleading and/or otherwise unfair, **in light of the fact that neither plaintiff alleged to have been misled themselves**: [1] there was no palpable *actual* injury, but instead, merely the risk of an *imminent* injury, of which the court found insufficiently imminent, *and* [2] there was no sufficiently concrete *or* particularized injury because the plaintiffs did not allege more than an injury to a cognizable interest (*i.e.*, the plaintiffs *only* alleged the collection letters could unlawfully mislead the least sophisticated consumer, and *not* that the plaintiffs themselves were unlawfully mislead).

30. Simply put, Trichell confirms that, to the extent a plaintiff is seeking to enforce an invasion of a statutorily created interest (*e.g.*, § 1692e of the FDCPA which *generally* prohibits misleading communications in connection with the collection of a debt from a debt collectors), a plaintiff cannot manifest the necessary *injury in fact* unless the plaintiff alleges a **concrete**, **particularized**, and **personal injury** caused by the violation of said statutorily created right.

31. With respect to Plaintiff and the immediate action, Trichell affords *some* utility to the analysis of whether Plaintiff has sustained and alleged the necessary *injury in fact*. In large, however, Trichell is of limited application, as the focus of Trichell was the sufficiency of the *intangible* injury alleged by the plaintiffs.

32. Here, unlike the plaintiffs of Trichell, Plaintiff has sustained *tangible injuries*, *see* supra ¶¶ 12-22, the likes of which are objectively concrete. *See* Trichell at *8 *(exemplifying*

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

allegations of either having "made any payments in response to" a challenged collection letter "or even … wasted time or money in determining whether to do so" as tangible and otherwise concrete injuries for purposes of Article III standing).

33. Further, as alleged below, because Defendant's violation of 15 U.S.C. § 1692e(2)(A) (of which condemns, among other things, *false* representations regarding the *character* or *amount* of the underlying debt) caused *tangible* injury to Plaintiff, it is without question that Plaintiff's *actual* injuries are sufficiently *particularized*. Thus, Plaintiff has sufficiently established the *injury in fact* component of Article III standing, leaving only *causation* and *redressability* – the likes of which are equally satisfied, as a decision in Plaintiff's favor will afford Plaintiff both the *actual* and *statutory* damages sought herein and, *but for* the Collection Letter, Plaintiff *would not* have sustained the complained of concrete injuries.

## *COUNT I.*
## **VIOLATION OF 15 U.S.C. § 1692e(11)**

34. Plaintiff incorporates by reference paragraphs 1-33 of this Complaint as though fully stated herein.

35. The sixteen subsections of §1692e set forth a non-exhaustive list of practices that fall within this ban, including, but not limited to: "[t]he failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector…." *See* 15 U.S.C. § 1692e(11).

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

36. With respect to the matter at hand, Defendant was required to disclose in the Collection Letter that it (Defendant) was a debt collector, that the Collection Letter was an attempt to collect a debt, and that any information obtained would be use for debt collector purposes.

37. As stated above, however, the Collection Letter did not contain any such disclosures. Thus, Defendant violated § 1692e(11) of the FDCPA by failing to include the necessary disclosures in the Collection Letter.

38. WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant, awarding Plaintiff the following relief:

(a) Actual damages as provided by 15 U.S.C. §1692k;

(b) Statutory damages as provided by 15 U.S.C. §1692k;

(c) Costs and reasonable attorneys' fees pursuant to 15 U.S.C. §1692k; and

(d) Any other relief that this Court deems appropriate under the circumstances.

Dated: February 10, 2021

Respectfully Submitted,

/s/ Thomas J. Patti
**JIBRAEL S. HINDI, ESQ.**
Florida Bar No.: 118259
E-mail:   jibrael@jibraellaw.com
**THOMAS J. PATTI, ESQ.**
Florida Bar No.: 118377
E-mail:   tom@jibraellaw.com
The Law Offices of Jibrael S. Hindi
110 SE 6th Street, Suite 1744
Fort Lauderdale, Florida 33301
Phone:   954-907-1136
Fax:      855-529-9540

*COUNSEL FOR PLAINTIFF*

PAGE | **8** of **8**

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com